[S. F. No. 1653. In Bank.—October 11, 1898.]

## T. C. SPELLING, Petitioner, v. L. H. BROWN, Secretary of State, Respondent.

POLITICAL CONVENTIONS—NOMINATION FOR CONGRESS—CONFLICTING CER-
    TIFICATES—PARTY USAGE.—Where conflicting certificates of nomina-
    tion for Congress are presented to the secretary of state, as rep-
    resenting two district congressional conventions of the same
    party in the same district, it is his duty to decide which of the
    two certificates was issued by the regular convention, and in the
    absence of a law to guide him in determining which was regu-
    lar, he must resort to party usage.   The nomination of the dis-
    trict convention which was called in conformity with the estab-
    lished usage of the party, and which was recognized as regular
    by its state convention, should be accepted by him.

APPLICATION to the Supreme Court for a writ of man-
date to the Secretary of State.

The facts are stated in the opinion of the court.

T. C. Spelling, Petitioner, in *pro. per.*

W. F. Fitzgerald, Attorney General, and Edgar S. Van Meter, for Respondent.

BEATTY, C. J.—*Mandamus.*  Prior to the general election in 1896, the state central committee of the Democratic party called a state convention of the party, and provided, among other things, that the delegates to the state convention from the respective congressional districts should form district conventions for the purpose of nominating candidates for Congress. In pursuance of this call the state convention met, and the several district conventions were also organized and made nominations. In the fourth congressional district the delegates elect to the state convention anticipated the meeting of that body by organizing a district convention, and nominating James G. Maguire as their candidate for Congress. At the same time they appointed a campaign committee.

In the month of August, 1898, the regular state central committee of the Democratic party called another state convention for the purpose of nominating candidates for state officers, and again provided that the delegates to the state convention from the respective congressional districts should meet in district conventions for the purpose of nominating candidates for Congress. In pursuance of this call a state convention met and organized, and subsequently the delegates from the fourth congressional district organized a district convention by which James H. Barry was nominated as the Democratic candidate for Congress in that district. In the mean time the campaign committee representing the district convention of 1896 had appointed delegates to a district convention, who met, and claiming the right to represent the Democratic party in the district, nominated the petitioner as a candidate for Congress. Regular certificates of nomination were presented to the respondent by the representatives of each convention. He filed the certificate of Barry and refused to file the certificate of petitioner, who therefore asks a writ commanding him to reverse his action.

We think the respondent was clearly right in the course he took. It was his duty to decide which of the two certificates

was issued by the regular convention.   There was no law to guide him in determining which was regular, and necessarily he was compelled to resort to the test of party usage.   Mr. Barry was nominated by a convention called in conformity with the established usage of the Democratic party and recognized as regular by the state convention of the party.   This in our opinion is decisive.

Writ denied.

Harrison, J., Temple, J., Van Fleet, J., and Henshaw, J., concurred.

Rehearing denied.